# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUEST INTEGRITY USA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 14-1483-SLR |
| v. | ) |
| | ) |
| COKEBUSTERS USA INC., | ) |
| | ) |
| Defendant. | ) |

## ANSWER AND COUNTERCLAIMS OF DEFENDANT COKEBUSTERS USA INC. SUBJECT TO MOTION TO TRANSFER VENUE

This is Defendant COKEBUSTERS USA INC.'s ("Cokebusters") Answer and Counterclaims, subject to Defendant's Motion to Transfer Venue to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. 1404(a).

## ANSWER SUBJECT TO MOTION TO TRANSFER VENUE

Pursuant to Federal Rule of Civil Procedure 12(b)(3), Cokebusters' Motion to Transfer Venue to the Southern District of Texas Pursuant to 28 U.S.C. § 1404(a) (D.I. 25) is incorporated by reference. Subject to, and without waiving the motion to transfer venue, Defendant responds to each numbered paragraph of the Complaint as follows:

1. Defendant admits Plaintiff Quest Integrity USA, LLC ("Quest") is a limited liability company organized and existing under the laws of Texas. Defendant lacks knowledge sufficient to determine whether Quest's principal place of business is the State of Texas or the State of Washington, and therefore denies the remaining allegation of Paragraph 1.

2. Paragraph 2 of the Complaint is admitted.

3. Paragraph 3 of the Complaint is admitted.

4. Paragraph 4 of the Complaint is admitted.

5. Paragraph 5 of the Complaint is admitted in part and denied in part. Defendant admits it is incorporated in this District; however, the Southern District of Texas is the proper venue. A substantial part of the events giving rise to the Complaint occurred in the Southern District of Texas, and the interests of justice and the convenience of the parties and witnesses would be better served by transferring this case to the U.S. District Court for the Southern District of Texas pursuant to 28 U.S.C. §1404(a).

6. Defendant admits that an uncertified copy of the '874 Patent entitled "2D and 3D Display System and Method for Furnace Tube Inspection" bearing the date June 2, 2009 is attached to the Complaint. Defendant denies that the '874 Patent issued after full and fair examination. Defendant denies that the '874 Patent is valid and enforceable. Defendant denies the remaining allegations in Paragraph 6 of the Complaint.

7. Defendant lacks knowledge sufficient to form a belief as to whether Quest is the current owner of the entire right, title and interest in the '874 Patent. Defendant denies the remaining allegations in paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint is admitted.

9. The first sentence of Paragraph 9 contains general statements about refineries and furnaces which are admitted. Defendant lacks knowledge sufficient to form a belief regarding the remaining allegations of Paragraph 9, which are therefore denied.

10. Paragraph 10 of the Complaint is admitted.

11. Paragraph 11 of the Complaint is admitted.

12. The first two sentences of Paragraph 12 of the Complaint are admitted. Defendant lacks knowledge sufficient to form a belief regarding the services offered by other

defendants or the extent of competition between Clean Harbors and A.Hak, therefore the remaining allegations in Paragraph 12 of the Complaint are denied.

13. Paragraph 13 of the Complaint is admitted, save and except the existence of mandated inspections, which is denied.

14. Paragraph 14 of the Complaint is admitted.

15. Paragraph 15 of the Complaint is admitted in part and denied in part. The benefits and limitations of NDT are self-evident and may depend on the type of inspection.

16. Paragraph 16 of the Complaint is admitted.

17. Paragraph 17 is admitted in part and denied in part. At one time prior art did include the development and publication of numeric readouts of tube wall thickness and variation such as bulges; however Paragraph 17 fails to identify the specific inspection pigs or time period being discussed. Defendant lacks knowledge sufficient to form a belief regarding what the alleged inventors observed and. The remaining allegations in Paragraph 17 are denied.

18. Defendant admits the '874 Patent is dated June 2, 2009, but lacks knowledge sufficient to form a belief regarding the date of the alleged priority application, and therefore denies the remainder of the first sentence of Paragraph 18. The second sentence of Paragraph 18 is denied. The remaining allegations contained in Paragraph 18 are denied.

19. Defendant lacks knowledge sufficient to form a belief regarding the first sentence of paragraph 19 and it is therefore denied. The remaining allegations in Paragraph 19 are denied.

20. Defendant lacks knowledge concerning the allegations contained in paragraph 20 of the Complaint and they are therefore denied.

21. Paragraph 21 is denied.

22. Defendant lacks knowledge sufficient to form a belief regarding the nature and timing of Quest's promotional activities, and therefore the allegations in paragraph 22 are denied. Defendant admits that Quest is known in the marketplace. The remaining allegations of paragraph 22 of the Complaint are denied.

23. Defendant lacks sufficient knowledge concerning the nature of Quest's advertising and thus the allegations of paragraph 23 are denied. It is not known when Plaintiff began referencing the '874 patent in any advertising literature it has disseminated.

24. Paragraph 24 of the Complaint is denied.

25. Paragraph 25 of the Complaint is denied as to Defendant. Defendant does not have knowledge sufficient to form a belief regarding when Quest learned of activities by others, therefore the remaining allegations of Paragraph 25 are also denied.

26. Paragraph 26 of the Complaint is denied as to Defendant. Defendant does not have knowledge sufficient to form a belief concerning the exact nature of the services offered by the other defendants referenced in the paragraph, therefore the remaining allegations of Paragraph 26 are also denied.

27. Paragraph 27 of the Complaint is denied as to Defendant. Defendant does not have knowledge sufficient to form a belief regarding the exact nature of the services, costs, or sales by the other defendants referenced in the paragraph, therefore the remaining allegations of Paragraph 26 are also denied.

28. Paragraph 28 of the Complaint is denied.

29. Paragraph 29 is admitted in part and denied in part. It is admitted that Plaintiff has sought preliminary injunctive relief. Defendant denies that Plaintiff is entitled to preliminary injunctive relief.

30. Paragraph 30 of the Complaint is denied.

31. Paragraph 31 of the Complaint is denied.

32. Paragraph 32 of the Complaint is denied.

33. Paragraph 33 of the Complaint is denied.  Defendant denies that Plaintiff is entitled to preliminary injunctive relief.

34. Paragraph 34 of the Complaint is admitted in part and denied in part.  Defendant calls upon refineries and furnace owners requiring either de-coking or pipeline inspection services, but calls largely upon a segment of the market that Plaintiff is incapable of handling.

35. Paragraph 35 is admitted in part and denied in part.  Mr. Douglas was hired to be employed as USA Operations Manager, but was not a director of the company.

36. Paragraph 36 is admitted only insofar that CEDA did initiate an action against Mr. Douglas.  All other matters referenced in or inferred from the paragraph are denied.

37. Paragraph 37 is denied.

38. Paragraph 38 is denied.

39. Defendant incorporates by reference the responses to previous paragraphs.

40. Paragraph 40 is denied.

41. Paragraph 41 is denied.

42. Paragraph 42 is denied.

43. The rest of the Complaint is a prayer for relief not requiring a specific response.  To the extent a response is required, Defendant denies Plaintiff is entitled to the relief.

## **DEFENSES TO QUEST'S COMPLAINT**

Cokebusters asserts the following defenses, without undertaking any greater burden of proof than required by law.  Cokebusters reserves the right to allege additional defenses that become known through discovery and ongoing investigation.

### **First Defense (Invalidity)**

The claims of the '874 patent alleged to have been infringed by Cokebusters are invalid for failure to meet one or more requirements or conditions for patentability under Title 35 of the United States Code including, without limitation, Sections 101, 102, 103 and 112.

### **Second Defense (Non-Infringement)**

Quest is not entitled to relief because Cokebusters does not and has not infringed any valid claim of the '874 patent literally, directly, contributorily, by way of inducement or under the doctrine of equivalents.

### **Third Defense (Estoppel and/or Prosecution Estoppel)**

Quest's claims are barred by the doctrine of estoppel and are limited by amendment, by the prior art and/or by statements made during the prosecution of the '874 patent before the United States Patent and Trademark Office such that Plaintiff is now estopped and precluded from maintaining that such claims are sufficient scope to cover the accused products and methods, either literally or under the doctrine of equivalents.

### **Fourth Defense (Laches and/or Equitable Estoppel)**

Quest's claims are barred by the doctrines of laches and/or equitable estoppel due to its actions and conduct, including but not limited to, unreasonable delay in filing this lawsuit, asserting claims against Cokebusters, and seeking injunctive relief.

**Fifth Defense (Inequitable Conduct)**

All of the claims of the '874 Patent are unenforceable for inequitable conduct. On information and belief, subject to amplification through discovery, the inventors and/or their agents made material misrepresentations or failed to disclose material information to the Patent Office during prosecution of the patent. In addition, after multiple rejections on obviousness grounds, Quest submitted intentionally false or misleading declarations, responses, and information disclosure statements and withheld or failed to disclose relevant prior art, including but not limited to its own prior commercial development and technology used by other companies providing inspection services and/or graphic display. Quest's misrepresentations during prosecution of the '874 patent constitute inequitable conduct which renders the patent unenforceable.

**Sixth Defense (Unclean Hands)**

Quest's claims for equitable/injunctive relief are barred by the doctrine of unclean hands.

**Seventh Defense (Waiver, Acquiescence, and Estoppel)**

Quest's claims are barred by the doctrines of waiver, acquiescence, and estoppel.

**Eighth Defense (Failure to Mitigate)**

Quest's claims are barred, in whole or in part, because Quest failed to mitigate damages, to the extent any damages exist.

**Ninth Defense (No Punitive Damages)**

Any award of punitive damages against Defendant would constitute an excessive, arbitrary, and unconstitutional fine or penalty, and such an award, without adequate safeguards, is precluded or limited by the U.S. Constitution and/or applicable state law.

**Additional Defenses**

Cokebusters reserves the right to add additional defenses pending further investigation.

## COUNTERCLAIMS

### Parties

1. Counter-claimant Cokebusters USA, Inc. states its Counterclaims for Declaratory Relief.

2. Counter-claimant is a company organized and existing under the laws of Delaware with its principal place of business at 6748 Theall Road, Houston, Texas.

3. On information and belief, Counter-defendant Quest Integrity USA, LLC. is a Texas limited liability corporation which claims to have a principal place of business in Kent, Washington, but which may be principally located within the Southern District of Texas.

### Jurisdiction and Venue

4. On December 15, 2014 Quest filed its Complaint alleging that Cokebusters infringes the '874 patent.

5. This Court has subject matter jurisdiction over Cokebusters' counterclaims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States Code 28 U.S.C. §1331 and 1338(a).

6. By filing its complaint, Quest has consented to the personal jurisdiction of this Court. Counter-claimant seeks transfer of venue to the Southern District of Texas. Quest has consented to the jurisdiction of such courts by conducting business within the state of Texas in a longstanding, general and systematic manner. Quest maintains offices in Houston, Texas, employs Texas residents, and markets its furnace tube inspection system in Texas.

7. Venue of this counterclaim is proper within the Southern District of Texas and this counterclaim is subject to Cokebusters' pending motion to transfer.

8. Quest has asserted and continues to assert that Cokebusters is infringing the '874 patent and Cokebusters by its answer has asserted and continues to assert that it does not, and that the '874 patent is invalid. Thus, an actual, justiciable controversy exists between Quest and Cokebusters concerning the infringement and validity of the '874 patent.

### **COUNTERCLAIM I**

### **(Declaration of Non-Infringement)**

9. Cokebusters incorporates by reference each allegation contained in paragraphs 1-8 of this counterclaim as though set forth in full.

10. Cokebusters does not and has not infringed any valid claim of the '874 patent literally, directly, contributorily, by way of inducement or under the doctrine of equivalents.

11. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§2201 *et seq*., Cokebusters is entitled to a declaratory judgment that it does not and has not infringed the '874 patent.

### **COUNTERCLAIM II**

### **(Declaration of Invalidity)**

12. Cokebusters incorporates by reference each allegation contained in paragraphs 1-8 of this counterclaim as though set forth in full.

13. One or more of the claims of the '874 patent that are allegedly infringed by Cokebusters are invalid for failure to comply with one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, for example, Sections 101, 102, 103 and/or 112.

14. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§2201 *et seq.*, Cokebusters is entitled to a declaratory judgment that one or more claims of the '874 patent are invalid.

## COUNTERCLAIM III

**(Declaration of Unenforceability Because of Inequitable Conduct)**

15. Cokebusters incorporates by reference each allegation contained in paragraphs 1-8, and 12-14 of this counterclaim as though set forth in full.

16. All of the claims of the '874 Patent are unenforceable because Quest engaged in inequitable conduct. On information and belief, based on review of the prosecution history, and subject to amplification through discovery, Quest, the inventors, and/or Quest's agents made material misrepresentations to the Patent Office during prosecution of the patent and/or withheld relevant prior art from the U.S. Patent & Trademark Office.

17. Although Quest has not yet produced the complete prosecution history, review of the prosecution history available through the Patent Application Information Retrieval (PAIR) system for the '874 Patent confirms that the USPTO repeatedly rejected Quest's claims on obviousness grounds. In order to overcome the outstanding rejection on obviousness grounds, one or more individuals involved in filing and prosecution of Quest's patent application, including Richard Roberts, and/or Judith Carlson of the law firm Stinson Morrison & Heckler LLP submitted declarations under 37 C.F.R. §1.132, as well as responses and remarks attempting to distinguish the prior art.

18. During prosecution of the '847 patent, in the information disclosure statement, applicant remarks, declarations, and telephone interviews with the examiner on or about November 3, 2008, Quest repeatedly withheld or failed to disclose prior art. For example, Quest

failed to disclose to the USPTO several items of prior art that the European Patent Office cited in rejecting Quest's claims as unpatentable.  Quest also failed to disclose significant details regarding the original Furnace Tube Inspection System.  Instead of making a full disclosure, Quest submitted a misleading declaration, dated on or about August 27, 2007, purporting to contrast the features of the "original" Furnace Tube Inspection System, which was in commercial use years before the critical date.  Quest also failed to fully disclose inspection systems utilized by other companies.  For example, Quest submitted an incomplete information disclosure statement that the examiner struck through and did not consider.  Because Quest failed to properly submit the information, the USPTO never had the opportunity to consider prior art and non-patent literature regarding services offered by the Defendants, A-Hak Industrial Services, and other competitors.  If the USPTO knew of the undisclosed prior art, the USPTO would not have issued the patent.  The specific examples of material non-disclosure by Quest are based on information obtained in the one month since the Complaint was filed, and are not intended to limit other instances of material non-disclosure and inequitable conduct which are all subject to supplementation through discovery.

19.     Cokebusters is entitled to a declaratory judgment that Quest's inequitable conduct during prosecution of the '874 patent renders the patent unenforceable.

20.     Cokebusters further requests that in light of the inequitable conduct by Quest, that the Court declare this case an "exceptional" case under 35 U.S.C. § 285, and award Cokebusters its reasonable attorney fees and costs for defending the action.

## PRAYER FOR RELIEF

Subject to, and without waiving the motion to transfer venue to the Southern District of Texas, Cokebusters USA, Inc. respectfully requests relief as follows:

    A.    Entry of an order denying Quest's request for injunctive relief against Cokebusters;

    B.    Judgment dismissing Quest's Complaint for patent infringement with prejudice;

    C.    Judgment that Quest take nothing by its claims against Cokebusters;

    D.    Judgment for Cokebusters against Quest on Cokebusters' Counterclaims;

    E.    Declaratory Judgment and/or Order declaring the Quest '874 patent and each claim asserted by Quest invalid and/or unenforceable;

    F.    Declaratory Judgment and/or Order declaring that Cokebusters does not infringe any valid claim of the '874 patent;

    G.    The Court find this case "exceptional" and order Quest to pay Cokebusters' attorney's fees and costs pursuant to 35 U.S.C. § 285; and

    H.    Awarding Cokebusters such other and further relief the Court deems just and proper.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Thomas M. Fulkerson
Wesley G. Lotz
Gavin Uttecht
FULKERSON LOTZ LLP
700 Louisiana St., Ste. 5200
Houston, TX 77002-2773
Tel: (713) 654-5800

Michael Hudgins
Steven Hudgins
THE HUDGINS LAW FIRM
24 Greenway Plaza, Suite 2000
Houston, TX 77046
Tel: (713) 623-2550

Dated: January 30, 2015
1179924/ 42173

By:   */s/ Richard L. Horwitz*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Bindu A. Palapura (#5370)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com
    bpalapura@potteranderson.com

*Attorneys for Defendant Cokebusters USA Inc.*