# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

QUEST INTEGRITY USA, LLC,          )
                                   )
        Plaintiff,                 )
                                   )
    v.                             ) Civ. No. 14-1483-SLR
                                   )
COKEBUSTERS USA, INC.,             )
                                   )
        Defendant.                 )

## MEMORANDUM ORDER

At Wilmington this 28ᵗʰ day of March, 2017, having reviewed various pending
motions and the papers submitted in connection therewith;

IT IS ORDERED that:

1. **Motion for costs.** Prior to the motion in dispute, defendant sought discovery
from plaintiff regarding the inventor of the '874 patent and his participation in the
standard setting activities of the American Petroleum Institute ("API"). After plaintiff
certified that it did not have documents related to the above, defendant issued a
subpoena to API. (D.I. 191, 192) Plaintiff responded by filing a motion to quash,
arguing *inter alia* that the subpoena was overbroad, asked for irrelevant materials, and
placed a burden on plaintiff by having to review additional API documents. (D.I. 196)
Rather than respond directly to plaintiff's motion, defendant filed a motion to compel
API. (D.I. 210) Within a few days of moving to compel API, plaintiff withdrew its motion
to quash. (D.I. 218) Although defendant has not submitted its actual time records, the

court understands that defendant is seeking $13,650 in costs associated with its motion to compel.[1] (D.I. 228, ¶¶ 15-16) Defendant argues that the award of costs is justified because plaintiff lacked standing to file the motion to quash and the grounds for the motion were without merit, thus generating undue litigation expenses for defendant. In this regard, defendant submitted various documents that illustrate plaintiff's lack of cooperation and ultimate goal to "inflict the maximum amount of financial pain against" defendant. (D.I. 228, ex. 12; see also exs. 7-9)

2. Plaintiff argues in opposition to the motion for costs that it had standing to object to the API subpoena. The court disagrees. The two cases cited by plaintiff in support of its standing argument are not binding, and either address different facts[2] or actually support defendant's position.[3] Given plaintiff's litigation strategy and the fact that defendant and API ultimately worked out the technical objections to the breadth of the subpoena without further litigation, the court declines to find Fed. R. Civ. P. 37(a)(5)(B) an obstacle to the award of costs in this case.

3. Therefore, defendant's motion for costs (D.I. 226) is granted. However, the court has no basis for granting the amount requested and, in light of plaintiff's

---

[1]The declaration submitted in connection with this motion indicates that defendaant's counsel devoted 47 hours to the motion practice, at a cost of $15,797.50. As noted, defendant is only asking for $13,650 in the pending motion for costs.

[2]*See Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 241 (E.D. Va. 2012) (the court finding that a former employee had a "personal right" to the information subpoenaed from his former employer).

[3]*See Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 430 (M.D. Fla. 2005) (the motion to quash was granted for lack of standing, but the court entered a protective order based on the fact that the requested discovery regarding financial matters was "grossly overbroad and irrelevant").

reasonable decision to withdraw its motion to quash, the court concludes that an award of $8.500.00 is a sufficient award under the circumstances.

4. **Motion to strike and motion to amend.** Plaintiff has filed a motion to strike defendant's FRAND defenses[4] on various grounds, including the fact that they were never pled with sufficient specificity, are futile as a matter of law, and are not timely. (D.I.251. 252) Defendant responded with a motion for leave to amend its affirmative defenses[5] to include facts gleaned from the API production. (D.I. 265, ex. B)

5. The court rejects plaintiff's argument that the motion to amend is not timely, given the motion practice defendant had to engage in to obtain the API documents. The court also rejects the argument that amendment is futile, as that argument is based on plaintiff's untested position that its '874 patent is not required to comply with RP 573. (D.I. 281 at 14) The court is concerned, however, about the addition of such a complex issue to an already complicated, aggressively litigated case, whether the issue of FRAND licensing be directed to defendant's equitable defenses to be tried to the court or its damages theories to be tried to the jury. Therefore, in weighing all the circumstances, the court concludes that plaintiff's motion to strike (D.I. 251) shall be denied, defendant's motion to amend (D.I. 265) is granted, but that damages and

---

[4]API standard setting procedures require that, if a party submits changes to one of API's standards that would require the use of a patent, that party must convey that patent to the API for use in the standard and must agree to grant a royalty free, fair, reasonable, and non-discriminatory ("FRAND") license to all others who wish to comply with the new standard. (D.I. 228, ex. 5 at 16, § 8.3.2)

[5]Sixth defense of unclean hands and seventh defense of waiver, acquiescence and estoppel.

3

defendant's equitable defenses shall be tried separately from the liability trial,[6] if they need to be tried at all.

Senior United States District Judge

---

[6]Willfuness shall be bifurcated along with damages. The court will discuss the bifurcated issues at the end of the liability trial.

4