IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUEST INTEGRITY USA, LLC | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civ. No. 14-1483-SLR<br>) |
| COKEBUSTERS USA INC. | )<br>) |
| Defendant. | )<br>) |

**MEMORANDUM ORDER**

At Wilmington this 30th day of June, 2017, having reviewed the parties' letter briefs in connection with final judgment, and the papers submitted therewith;

IT IS ORDERED that, for the reasons that follow, Cokebusters USA's declaratory judgment of noninfringement of claim 40 of U.S. Patent No. 7,543,874 is hereby bifurcated and stayed pending appeal of the court's summary judgment decisions to the United States Court of Appeals for the Federal Circuit.

1. **Background.** On March 28, 2017, the court issued a memorandum opinion and order on summary judgment. (D.I. 356; D.I. 357) The court denied Cokebusters' motions for summary judgment of invalidity and noninfringement of claim 40 of U.S. Patent No. 7,542,874. (D.I. 356 at 43, 47-48; D.I. 357 at ¶¶ 1, 6; D.I. 293; D.I. 290)

2. **Invalidity of claim 40.** The court stated in its memorandum opinion that it could not grant summary judgment as to invalidity of claim 40, because the relevant "testimony is not readily apparent from the record." (D.I. 356 at 43) The court noted that "[d]efendants have cited to page 132 [of the DeLorenzo deposition], but the record submitted to the court is incomplete and is missing pages 129-136." (D.I. 356 at 43

n.51) Cokebusters provided missing deposition testimony and requested reconsideration, arguing that the missing testimony resolved the question of anticipation with respect to claim 40 and that "Quest's opposition to . . . summary judgment of the invalidity of claim 40 [, therefore,] is nullified. Summary judgment should be granted in favor of Cokebusters on all claims including claim 40." (D.I. 359 at ¶ 7) Based upon the submission of the missing deposition testimony, on April 7, 2017 the court granted Cokebusters' motion. (D.I. 364)

3. **Pre-trial conference.** On March 29, 2017, the parties held a pretrial conference in which they expressed a preference to not go to trial on the remaining issues and to instead appeal. For example, Quest's counsel stated:

> Quest believes that it's the most efficient and economic thing to do to somehow deal with claim 40 in a way that would do away with the controversy and **allow the matter to go to appeal straight away** so that we could carve out the claim construction issues, if any, and then come back down, more or less, to the damages phase or the accounting phase.
>
> We have a number of ideas about how to do that, and I'm not sure how, if at all, the court would like to consider those, but we're committed to being reasonable and not going to trial in the interests of saving the parties and the court time and money.
>
> So, again, specifically, the issue that we are proposing to do would be to -- so, again, the issue is we'd like to somehow take some action, Quest would like to take some action with regard to claim 40, to do away with the controversy.

(D.I. 372 at 4:20-5:11 (emphasis added)) Cokebusters' counsel expressed that he was "not averse to entering into some kind of stipulation to the effect that 40 would become invalid if we played out the chain and preserving their right to appeal those arguments to save time and effort for both parties. I think that does make sense." (*Id.* at 7:5-10) Quest suggested a number of options, including amending its November 2017 filing narrowing the asserted claims to include claim 40. "Quest could merely amend that paper to strip out claim 40 for the time being, which would preserve all of Cokebusters'

2

defenses and remedies as to that claim should it be brought again" after an appeal to the Federal Circuit. (*Id.* at 11:1-5) Based upon the parties representations, on May 15, 2017, the court bifurcated and stayed a number of remaining claims "pending appeal of the court's summary judgment decisions." (D.I. 368)

4. The parties sought to resolve the remaining issues for appeal but were unable to resolve their differences. On June 21, 2017, Cokebusters submitted the parties' proposals for final judgment. (D.I. 369, exs. A and B) Cokebusters' proposal included final judgment "on Quest's claims for infringement, and on Cokebusters USA's counterclaims for declaratory judgment of noninfringement, of claims 30 and 40." (D.I. 369, ex. A at ¶ 1) According to Cokebusters, "Quest disagrees that final judgment should include that claim 40 is not infringed." (D.I. 369 at 2) Quest submitted a separate letter arguing that Cokebusters had requested "'judgment' on the interlocutory order **denying** summary judgment of noninfringement of claim 40." (D.I. 371 at 1 (emphasis in original)) Quest contends, inter alia, that "the admitted purpose of Cokebusters' request is to artificially create an adverse 'judgment' to provide grounds to cross-appeal." (D.I. 371 at 2) Moreover, Quest has proposed a final judgment limited solely to invalidity, which excludes noninfringement of claim 30. Quest argues that the court cannot issue final judgment as to noninfringement of claim 30. (*Id.*)

5. **Noninfringement of claim 40.** In its limited motion for reconsideration, Cokebusters stated that "the only issues currently set to be tried by the jury . . . are the infringement and validity of claim 40." (D.I. 360 at ¶ 2) The rest of the letter brief relates to the invalidity of claim 40 and the missing deposition testimony. (D.I. 360 at ¶¶ 3-7) Cokebusters did not request reconsideration of the court's denial of summary judgment of noninfringement of claim 40. Fed. R. Civ. P. 7(b)(1)(C). Therefore, the court bifurcates and stays noninfringement of claim 40 pending appeal of the court's summary judgment decisions.

3

6. **Noninfringement of claim 30.** The court granted summary judgment of noninfringement of claim 30. (D.I. 356 at 38-43; D.I. 357) Based upon the parties' representations, the court bifurcated and stayed the remaining claims "pending appeal of the court's summary judgment decisions." (D.I. 368) The court expects this appeal to include noninfringement of claim 30 and any other of the court's decisions at summary judgment.

7. **Conclusion.** The assigned judge's retirement is imminent. In order to avoid rescheduling the case at bar, the parties shall submit proposed stipulations and final judgment to the court no later than July 7, 2017, consistent with this memorandum order.

_____
Senior United States District Judge